UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
UNITED STATES OF AMERICA

       -v.-　　　　　　　　　　　　　　　　　ORDER

PRESTON HARDY,　　　　　　　　　　　　　11-CR-629-01 (CS)

       Defendant.
------------------------------------------------------x

Seibel, J.

      Before the Court is Defendant Preston Hardy's motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release," (Docs. 404, 418), and the Government's opposition thereto, (Docs. 408, 420).

      Defendant was arrested in August 2011 and detained.  On December 17, 2012, he was sentenced principally to 209 months' imprisonment.  (Doc. 209).  This sentence was 10 months below the low end of his advisory Sentencing Guidelines range of 219-252 months.  (*See* Presentence Report ("PSR") at 23.)  On March 9, 2016, his sentence was reduced to 204 months, pursuant to Section 3582(c)(2).  (Doc. 304.)  Defendant has served approximately 109 of those 204 months.  His release date, according to the Bureau of Prisons website, is October 18, 2026.

      Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the factors set forth in 18 U.S.C. § 3553(a), reduce a sentence if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission.  Policy Statement 1B1.13 imposes similar requirements, along with the provision that the Defendant not be a danger to the safety of any other person or the community.  Application Note 1 to Policy Statement 1B1.13 describes four potential extraordinary and compelling reasons: 1) the defendant has a terminal medical condition or because of serious health condition from which he

is not expected to recover is substantially diminished in his ability to provide self-care; 2) the defendant is at least 65 years old, has served 75% or 10 years of his sentence, and is experiencing a serious deterioration in health because of the aging process; 3) family circumstances; and 4) an extraordinary and compelling reason other than or in combination with one of the above.

Defendant argues that the risk posed by the corona virus to those in prison constitutes an extraordinary and compelling reason.  "[T]he mere possibility of contracting a communicable disease such as COVID-19, without any showing that the Bureau of Prisons will not or cannot guard against or treat such a disease, does not constitute an extraordinary or compelling reason for a sentence reduction."  *United States v. Knight*, No. 10-CR-128S, 2020 WL 5640238, at *5 (W.D.N.Y. Sept. 22, 2020).  Despite the difficulty in social distancing presented by incarceration, FCI Hazelton, where Defendant is housed, reports no current inmate cases (and two staff cases).  Defendant is a healthy young man who is not at elevated risk.[1]  Defendant also argues that he has learned his lesson, is not a threat, has worked and taken advantage of programs in prison, and has a plan for housing and work.  These factors – assuming them all to be true, which is dubious, as discussed below – are not uncommon.  The factors to which Defendant points, whether singly or in combination, do not approach the level of extraordinary or compelling circumstances.

---

[1] Defendant mentions in passing that he suffers from "asthma and other slight medical issues." (Doc. 408 at 5-6.)  Asthma is not among those conditions that the Centers for Disease Control ("CDC") has identified as causing increased risk.  The CDC has indicated that moderate-to-severe asthma *might* be a risk factor, but there is no indication that Defendant's asthma is moderate-to-severe.  Indeed, there is no indication, apart from Defendant's say-so, that he suffers from asthma at all.  The health section of his Presentence Report mentioned nothing about asthma, (PSR ¶¶ 79-82), nor is it mentioned in the BOP health summary provided by the Government, (Doc. 418 Ex. 1), which the Court will file under seal.

Even if they did, I would still have to consider the § 3553(a) factors.  Defendant was a leader of and enforcer for a violent gang.  He was responsible for the distribution of more than 280 grams of crack and 40 kilograms of marijuana.  Although he describes his offense as a drug offense, (Doc. 418 at 2), he was also convicted of brandishing a firearm.  He was involved in multiple shootings.  The instant case was his tenth conviction – a surprising total for a then-22-year-old – and four of his priors involved weapons or violence.  (PSR ¶¶ 44-67.)  While his work and education in prison are commendable, I would have to be naive to take at face value that Defendant will not reoffend.  Releasing him with more than a third of his sentence to go would undermine several of the purposes of sentencing.  It would not sufficiently address the seriousness of the offense.  It would not be just punishment and would introduce unwarranted sentencing disparities.  It would not suffice to protect the public from further crimes by Defendant, unfortunately a distinct possibility given his record.  In short, even if Defendant had shown extraordinary and compelling circumstances, I would deny the motion in light of the offense, the risk to the public and the other § 3553(a) factors.

Accordingly, the motion is denied.  The Clerk of Court is respectfully directed to terminate the pending motion, (Doc. 418), and send a copy of this Order to Defendant Preston Hardy, No. 65533-054, FCI Hazelton, Federal Correctional Institution, P.O. Box 5000 Bruceton Mills, WV  26525.

Dated: September 24, 2020
       White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.