UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
UNITED STATES OF AMERICA

        -v.-                                        ORDER

PRESTON HARDY,                           No. 11-CR-629-1 (CS)

                   Defendant.
--------------------------------------------------------x

Seibel, J.

      Before the Court is Defendant Preston Hardy's fifth motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release" (not counting motions for reconsideration). (ECF No. 494.)

      On December 17, 2012, Defendant was sentenced principally to 209 months' imprisonment on his convictions for narcotics conspiracy and brandishing a firearm in connection with a narcotics conspiracy. (ECF No. 209.) This sentence was ten months below the low end of his Sentencing Guidelines range. It was later reduced to 204 months pursuant to 18 U.S.C. § 3582(c)(2). (ECF No. 304.) He argues that his sentence should be further reduced because legislation now precludes consideration of acquitted conduct and has lowered the thresholds for mandatory minimum sentences.

      Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the § 3553(a) factors, reduce a sentence if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission. Policy Statement 1B1.13 imposes similar requirements, along with the provision that the Defendant not be a danger to the safety of any other person or the community. Application Note 1 to Policy Statement 1B1.13 describes four potential extraordinary and compelling reasons: 1) the defendant has a terminal medical

condition or because of serious health condition from which he is not expected to recover is substantially diminished in his ability to provide self-care; 2) the defendant is at least 65 years old, has served 75% or 10 years of his sentence, and is experiencing a serious deterioration in health because of the aging process; 3) family circumstances; and 4) an extraordinary and compelling reason other than or in combination with one of the above.  But "[n]either Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). "The defendant bears the burden of showing that the circumstances warrant a sentence reduction." *United States v. Jacques*, No. 20-3276, 2022 WL 894695, at *1 (2d Cir. Mar. 28, 2022) (summary order).

Defendant contends that his "sentence was imposed when the guidelines were mandatory and that he received a specific offense characteristic enhancement of 2 levels for conduct that the jury acquitted him of." (ECF No. 494 at 2.)  That conduct apparently is "a weapon which he was found not guilty for at trial." (*Id.* at 4.)[1]

The Sentencing Guidelines have not been mandatory since 2005, *see United States v. Booker*, 543 U.S. 220 (2005), and Defendant was sentenced in 2012, so he was not subject to mandatory Guidelines.

---

[1]Defendant states that he "was sentenced to an extra 120 months" for the firearms offense, (ECF No. 494 at 4), but that is incorrect.  He was sentenced to 84 months under 18 U.S.C. § 924(c) for brandishing a firearm – even though it was plain from the Pre-Sentence Report ("PSR") that he discharged a firearm and could have been sentenced to 120 months, (*see* ECF No. 213 at 18) – and was sentenced to 125 months (later reduced to 120) on the narcotics conspiracy offense, (*see* ECF Nos. 209, 304).

Because Defendant did not have a jury trial in this court, having pleaded guilty, I assume that he is arguing that he was acquitted of a weapons charge in state court. I have not been able to locate evidence of such an acquittal in the record, but I will assume that one occurred. Defendant apparently is under the impression that he received a two-level enhancement to the offense level for his narcotics conviction under U.S.S.G. § 2D1.1(b)(1) for possession of a weapon, but that is not the case. His plea agreement, PSR and sentencing transcript, (ECF No. 213), all make clear that the only two-level enhancement applied in his case was for being a manager or supervisor of the narcotics conspiracy.[2] Further, the offense level utilized by the Court in calculating Defendant's Guidelines range is identical to the level to which he stipulated in his plea agreement. There is no injustice in holding Defendant to that to which he agreed, even if that stipulation was based on activity for which he had previously been acquitted. Perhaps most fundamentally, the Prohibiting Punishment of Acquitted Conduct Act of 2021, on which Defendant relies, is just a bill that has not been enacted into law. It has not been passed by both houses of Congress or been signed by the President. Under *United States v. Watts*, 519 U.S. 148 (1997), acquitted conduct may be taken into account at sentencing.[3]

Defendant also argues that the First Step Implementation Act of 2021 or the Smarter Sentencing Act of 2021 warrant a sentence reduction in his case. Those are also just bills, not

---

[2]There was no two-level enhancement for use of a firearm because Application Note 4 to U.S.S.G. § 2K2.4 directs that there should be no enhancement to the offense level for the underlying offense when there is a conviction for the underlying offense and for violating 18 U.S.C. § 924(c).

[3]Although not required to do so, I gave Defendant credit at sentencing for state sentences arising from offenses that were relevant conduct with respect to his offenses of conviction. (*See* ECF No. 213 at 21-22.)

3

laws. Even if they were laws, it is not clear how they would benefit Defendant. The former principally applies to offenders with second or subsequent federal convictions for drugs or firearms, but Defendant was not subject to an enhancement under 21 U.S.C. § 851, nor was he subject to "stacked" § 924(c) convictions. The latter would reduce the applicable mandatory minimum for narcotics offenses, but the Court sentenced Defendant to the term it thought was sufficient but not greater than necessary; it did not sentence Defendant to more than it wanted to because it was constrained by a mandatory minimum.

In short, because his arguments are not correct, Defendant has not shown extraordinary or compelling circumstance. Even if he had, I would still have to consider the § 3553(a) factors, and they would militate against reduction of Defendant's sentence. Defendant was involved in a violent gang, dealt crack, and participated in numerous shootings. A very significant sentence is necessary to reflect the seriousness of the offense; provide just punishment; promote respect for the law; provide deterrence and protect the public from further crimes. In short, if there were extraordinary and compelling circumstances, the § 3553(a) factors would outweigh them.

The motion is denied. The Clerk of Court is respectfully directed to terminate ECF No. 494, and to send a copy of this Order to Preston Hardy, No. 65533-054, USP Hazelton, U.S. Penitentiary, P.O. Box 2000, Bruceton Mills, WV 26525.

Dated: December 27, 2022
       White Plains, New York

_Cathy Seibel_
CATHY SEIBEL, U.S.D.J.